# Furey, Appellant, *v.* Justice, Bateman & Company.

*Contracts—Sales—Guaranty—Evidence — Insufficiency — Nonsuit.*

Where in an action to recover damages for breach of an alleged guaranty to sell certain wool on or before May 1st, at 31 cents a pound, it appeared that plaintiff had dealt with defendants' agent and that whatever proposals the latter made were not accepted by plaintiff, that plaintiff subsequently delivered the wool to defendants for sale without condition and that on receipt of the bill of lading, defendants stated that they would sell the wool on commission, but did not guarantee to sell before May 1st, as alleged; and where it appeared that before bringing the suit plaintiff never took the position that defendants had contracted to sell wool for him at any fixed price there was no sufficient evidence of the contract relied upon and a nonsuit was properly entered.

Argued Jan. 13, 1915.   Appeal, No. 285, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., June T., 1912, No. 398, refusing to take off nonsuit, in case of Thomas O. Furey v. Theodore Justice, Henry Justice, William W. Justice, James Bateman and Henry W. Kenderdine, Trading as Justice, Bateman & Company.   Before Brown, C. J., Mestrezat, Stewart, Moschzisker and Frazer, JJ.   Affirmed.

Assumpsit to recover damages for breach of an oral guaranty of the sale of wool.   Before Martin, P. J.

.   The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Ulysses S. Koons,* with him *C. F. Gerhard* and *W. H. G. Gould,* for appellant.

*Reynolds D. Brown,* with him *Malcolm Lloyd, Jr.,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, February 15, 1915:

The plaintiff sued in assumpsit alleging that "in accordance with an oral agreement" made with the "defendants' agent and representative, H. C. Baldwin," he had shipped a large quantity of wool to the defendants, which they were to sell "on or before May 1, 1910," at a price which should net him "31c a pound"; that the defendants failed to make the sale as agreed upon; and that in 1912 he was obliged, on their demand, to take the wool back and sell it elsewhere. He claimed the difference between the price which the wool should have brought, according to his alleged agreement with the defendants, and the price at which it sold, with interest from May 1, 1910, and also an additional sum, with interest, which he had been obliged to pay the defendants "for commissions, storage, etc." After carefully reviewing all the evidence, including a rather lengthy correspondence between the parties to the alleged contract, running from July 29, 1909, to January 24, 1912, the trial judge entered a nonsuit, which the court below subsequently refused to take off; hence this appeal.

We have read the evidence submitted to us, and considered the authorities cited by counsel, but are not convinced of error. In entering the nonsuit, the trial judge, inter alia, said: "This is not a suit to recover the dif-

ference in the price realized for the wool upon the theory that defendants purchased the wool for thirty-one cents, nor is it a claim for damages occasioned to the wool while in the custody of defendants. Plaintiff claims that defendants through their agent, Baldwin, entered into an agreement by which they guaranteed to sell his wool at a price of thirty-one cents a pound in consideration of having the wool consigned to them for sale. If the representations of Baldwin as to the ability of defendants to sell the wool could be regarded as a proposal it was not accepted by plaintiff; and was not in terms a continuing offer. When plaintiff subsequently requested that sacks be sent him, there were no terms attached to the transaction; but when defendants received the bill of lading, they immediately wrote plaintiff that they would receive the wool and sell it for a commission of one and a half cents. The evidence fails to establish a contract on the part of defendants to sell the wool before May 1, at the price of thirty-one cents. The conversation between plaintiff and Baldwin was in a nature of an inducement offered by Baldwin to plaintiff to influence him to afford defendants an opportunity of earning a commission by selling the wool. At the time of the conversation, plaintiff was not able to act upon the suggestion because he had offered the wool to another person. When he sent the wool to the defendants the subsequent correspondence and conduct of the parties indicates that the defendants were acting as sales agents to obtain the best price available for the wool; that there was a difference of opinion as to the kind and quality of the wool and that the plaintiff voluntarily removed it from the defendants' possession and placed it in other hands for sale." The excerpt which we have just quoted from the expressed views of the court below sufficiently covers the case, and nothing need be added thereto further than to say that the correspondence reviewed by the trial judge plainly indicates that prior to bringing his suit the plaintiff never

took the position that he had a binding contract with the defendants to sell the wool at any fixed price.

The assignments of error are overruled and the judgment is affirmed.